NO.
12-06-00061-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

HARRY HAMPTON TRUELOVE, III,       §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW #2

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Harry
Hampton Truelove appeals his conviction for assault, for which he was sentenced
to confinement for one hundred eighty days. 
In one issue, Appellant contends that he received ineffective assistance
of counsel.  We affirm.

 

Background

            Appellant was charged by information
with assault.  Appellant pleaded “not
guilty” and the matter proceeded to jury trial. 
At trial, the testimony revealed that the incident in question occurred
on February 19, 2005 at The Harbor restaurant and bar located on Lake Tyler in
Smith County, Texas.  Appellant and David
Thornton, who were at The Harbor on the date in question, got into an
argument.  The owner of The Harbor asked
Appellant to leave and escorted him to the door.  Shortly thereafter, Appellant called out to
Floyd Kirkland,  a friend of Thornton’s,
to come to the front door where Appellant was standing.  Kirkland obliged and as he approached
Appellant,[1]








 Appellant struck Kirkland, knocking him to the
floor.

            The
jury found Appellant guilty as charged. 
Following a trial on punishment, the trial court sentenced Appellant to
confinement for one hundred eighty days. 
This appeal followed.

 

Ineffective
Assistance of Counsel

            In
his sole issue, Appellant argues that he received ineffective assistance of
counsel. Specifically, Appellant contends that his trial counsel was
ineffective in that he (1) stated both during voir dire and in his opening
statement that the evidence would show that as Kirkland approached Appellant,
he carried the pool cue “butt end up,” a manner that indicated he would use it
as a club and (2) stated both during voir dire and in his opening statement
that the evidence would show that Kirkland possessed animosity toward Appellant
for romancing Kirkland’s ex-wife and girlfriend.[2]  Thus, according to Appellant, his counsel
raised the jury’s expectations regarding such unsupported contentions and
wasted an opportunity to present Appellant’s self defense theory.

 
          The proper standard by
which to gauge the adequacy of representation by counsel is articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674
(1984).  See also Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).  The test set forth in Strickland
requires a two-step analysis:

 

1.             Did
the attorney’s performance fail to constitute “reasonably effective assistance,”
i.e., did the defense attorney’s representation fall below an
objective standard of reasonableness under prevailing professional norms? 

 

2.             If
so, was there a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceedings could have been different?

 

 

See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068.  The test in Strickland
is properly applied to the punishment phase of a noncapital case as well.  See Hernandez, 988 S.W.2d at
772.  

            A
“reasonable probability” was defined by the Supreme Court as a “probability
sufficient to undermine confidence in the outcome.”  Id.  Counsel is strongly presumed to have rendered
adequate assistance and to have made all significant decisions in the exercise
of reasonable professional judgment.  See
Hernandez, 726 S.W.2d at 55. 
The burden is on the appellant to overcome that presumption.  See Burruss v. State, 20 S.W.3d
179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must show specific acts or
omissions that constitute ineffective assistance and affirmatively prove that
those acts fall below the professional norm for reasonableness. Id.  

            After
proving error, the appellant must affirmatively prove prejudice.  Id.  The appellant must prove that his attorney's
errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. 
Id.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome of the proceedings.  Id.  He must show that there is a
reasonable probability that, but for his attorney’s errors, the jury would have
had a reasonable doubt about his guilt.  Id.


            In
the case at hand, Appellant argues at length as to why his trial counsel’s
actions fell below the professional norm. 
However, even assuming arguendo that the actions of Appellant’s trial
counsel, as noted in Appellant’s brief, satisfied the first prong of the Strickland
test, Appellant must still affirmatively prove prejudice.  See Burruss, 20 S.W.3d at
186.  It is not enough for the appellant
to merely show that the errors had some conceivable effect on the outcome of
the proceedings.  Id. 

            Despite
repeated readings of Appellant’s brief, we can uncover no argument addressing
the second prong of the Strickland test.  Rather, Appellant makes only a passing
reference to the issue,  stating, “Here,
by any objective standard, defense counsel failed to render ‘adequate legal
assistance’ and by doing so, ‘undermined the proper functioning of the
adversarial process’ resulting in an unjust result for appellant.”  We iterate that the burden of proof as to
this issue rests squarely upon Appellant. 
See Burruss, 20 S.W.3d at 186.  As such, we will neither surmise nor devise
our own conclusions absent some cogent argument on Appellant’s behalf that but
for his counsel’s alleged unprofessional errors, there exists a reasonable
probability that the result of the proceedings would have been different.  We hold that Appellant has failed to meet his
burden under Strickland. 
Appellant’s sole issue is overruled.

 

Conclusion

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion delivered October 25,
2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] There is conflicting testimony on this
point.  Some witnesses testified that
Kirkland, who was playing pool, carried his pool cue with him as he approached
Appellant.  Others testified that
Kirkland set his pool cue down before approaching Appellant.  Moreover, Appellant testified that he did not
call Kirkland over to the front door.





[2]
Appellant argues that counsel was ineffective for making these statements in
that neither was ultimately supported by any witness’s testimony, including
Appellant’s.